NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN L. DEROSA,**
*Plaintiff-Appellee,*

v.

**J.P. WALSH & J.L. MARMO ENTERPRISES, INC.,**
*Defendant-Appellant.*

---

2012-1401          ·

---

Appeal from the United States District Court for the Eastern District of Virginia in case no. 10-CV-0287, Judge Claude M. Hilton.

## ORDER

The court considers whether this appeal should be transferred to the United States Court of Appeals for the Fourth Circuit.

In order for this court to have jurisdiction over J.P. Walsh & J.L. Marmo Enterprises, Inc.'s ("Appellant") appeal, the district court's jurisdiction must have arisen under the patent laws. 28 U.S.C. §§ 1295(a)(1) and 1338. In *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002), the Supreme Court held:

The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331. As "appropriately adapted to § 1338(a)," the well-pleaded-complaint rule provides that whether a case "arises under" patent law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration...." The plaintiff's well-pleaded complaint must "establis[h] either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law...."

(Citations omitted.)

In this case, it appears John L. Derosa's complaint is devoid of any patent claims and, thus, the district court's jurisdiction was not based on § 1338. The fact that Appellant counterclaimed for patent infringement is not sufficient to confer jurisdiction upon this court. *Id.* at 832. We note that the Leahy-Smith America Invents Act, Public Law 112-29, ("America Invents Act") does not change this analysis, as the changes to 28 U.S.C. § 1295(a)(1) apply to any civil action commenced on or after September 16, 2011.[1]

---

[1] Section 19 of the American Invents Act amends 28 U.S.C. § 1295(a)(1) as follows:

(a) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction --
(1) of an appeal from a final decision of a district court of the United States . . . in any civil action arising under, or in any civil action in which a party has as-

Accordingly,

IT IS ORDERED THAT:

Absent objection received within 21 days of the date of filing of this order, this appeal shall be transferred to the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 1631.

FOR THE COURT

__JUL 13 2012__
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  William E. Hassan, Esq.
     Thomas P. Pavelko, Esq.

s25

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 13 2012

JAN HORBALY
CLERK

---

serted a compulsory counterclaim aris-
ing under, any Act of Congress relating
to patents or plant variety protection.

Section 19(e) of the America Invents Act states "[t]he amendments made by this section shall apply to any civil action commenced on or after the date of the enactment of this Act."